**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DIANNIER SANDERS,            Case No. 1:14-cv-323

    Plaintiff,

                                                    Dlott, C. J.
vs.                                        Bowman, M.J.

PAMELA TURNER,

    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action against Pamela Turner. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Upon careful review, the undersigned finds that this action should be dismissed because Plaintiff fails to state a claim upon which relief many be granted at this time.

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v.*

*City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Plaintiff's proposed complaint asserts that she is an employee of the VA Hospital in Cincinnati. Plaintiff alleges that Pamela Turner, her supervisor at the VA, violated Title VII of the Civil Rights Act by harassing and bullying her at work. (Doc. 1, 1). Plaintiff further argues that Ms. Turner discriminated against her based upon her disabilities. Last, Plaintiff alleges that Ms. Turner violated the Federal Employee Antidiscrimination and Retaliation Act

2

by intimidating her and threatening to fire her. Plaintiff's claims, however, fail to state a claim for relief at this time.

Plaintiff, as a federal employee is covered under the Civil Service Reform Act ("CSRA") of 1978, 5 U.S.C. § 1101 *et seq.* The CSRA was created by Congress as a framework for federal personnel policy. *Collins v. Bender,* 195 F.3d 1076 (9th Cir.1999). The CSRA establishes a framework for evaluating personnel actions taken against federal employees. *Kloeckner v. Solis*, 133 S. Ct. 596, 600-01, 184 L. Ed. 2d 433 (2012). That statutory framework provides graduated procedural protections depending on an action's severity. *Id.* If (but only if) the action is particularly serious—involving, for example, a removal from employment or a reduction in grade or pay—the affected employee has a right to appeal the agency's decision to the Merit Systems Protection Board ("MSPB"), an independent adjudicator of federal employment disputes. *See* §§ 1204, 7512, 7701. Such an appeal may merely allege that the agency had insufficient cause for taking the action under the CSRA; but the appeal may also or instead charge the agency with discrimination prohibited by another federal statute, such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* or the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* See 5 U.S.C. § 7702(a)(1). When an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination, she is said (by pertinent regulation) to have brought a "mixed case." See 29 CFR § 1614.302 (2012). The CSRA and regulations of the MSPB and Equal Employment Opportunity Commission (EEOC) set out special procedures to govern such a case—different from those used when the employee either challenges a serious personnel action under the CSRA alone or attacks a less serious action as discriminatory. See 5 U.S.C.

3

§§ 7702, 7703(b)(2) (2006 ed. and Supp. V); 5 CFR pt. 1201, subpt. E (2012); 29 CFR pt. 1614, subpt. C.

A federal employee bringing a mixed case may proceed in a variety of ways. She may first file a discrimination complaint with the agency itself, much as an employee challenging a personnel practice not appealable to the MSPB could do. See 5 CFR § 1201.154(a); 29 CFR § 1614.302(b). If the agency decides against her, the employee may then either take the matter to the MSPB or bypass further administrative review by suing the agency in district court. *See* 5 CFR § 1201.154(b); 29 CFR § 1614.302(d)(1)(i). Alternatively, the employee may initiate the process by bringing her case directly to the MSPB, forgoing the agency's own system for evaluating discrimination charges. *See* 5 CFR § 1201.154(a); 29 CFR § 1614.302(b). If the MSPB upholds the personnel action (whether in the first instance or after the agency has done so), the employee again has a choice: she may request additional administrative process, this time with the EEOC, or else she may seek judicial review. See 5 U.S.C. §§ 7702(a)(3), (b); 5 CFR § 1201.161; 29 CFR § 1614.303.

Thus, a federal employee may accomplish administrative exhaustion of her Title VII claim by either filing a complaint with the agency's Equal Employment Opportunity office or by administratively filing a "mixed case appeal," which includes both discrimination and non-discrimination claims, directly with the MSPB. *Abou-Hussein v. Mabus*, 953 F. Supp. 2d 251, 260 (D.D.C. 2013), appeal dismissed (Feb. 21, 2014); citing *Butler v. West,* 164 F.3d 634, 638 & n. 6 (D.C.Cir.1999).

Here, Plaintiff's complaint references an EEO settlement to transfer her to a different VA location. (Doc. 1). However, there is no indication from Plaintiff's complaint that she has complied with the CSRA and filed a complaint and/or appeal with the Merit Systems

4

Protection Board related to the alleged EEO settlement and/or any of the discrimination claims in her proposed complaint. See *Anderson v. TVA*, 221 F.3d 1333 (Table), 2000 WL 924607, *1 (6th Cir.2000) (the CSRA "preempts any action arising out of plaintiff's federal employment and precludes the district court's judicial review of such claims."). In light of the foregoing, the undersigned finds that Plaintiff's complaint fails as a matter of law and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

Accordingly, for these reasons, it is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B). It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

                *s/ Stephanie K. Bowman*
                Stephanie K. Bowman
                United States Magistrate Judge

---

[1] Additionally, the Sixth Circuit has determined that individual liability is prohibited under Title VII. *See Wathen v. General Elec. Co.*, 115 F.3d 400, 405–406 (6th Cir.1997) (holding that "an individual employee/supervisor, who does not otherwise qualify as an employer, may not be personally liable under Title VII."). Thus, even assuming Plaintiff properly exhausted her administrative remedies, she cannot seek redress for alleged discrimination from Ms. Turner under Title VII.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DIANNIER SANDERS,                                    Case No. 1:14-cv-323

       Plaintiff,

                                              Dlott, C. J.
vs.                                                                           Bowman, M.J.

PAMELA TURNER,

       Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).